IN THE UNITED STATE DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. TILTON and LOIS TILTON )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VAIL RESORTS, INC., a Delaware )<br>Corporation, )<br>)<br>Defendant. ) | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds the value of $75,000 and is between citizens of different States.

### PARTIES

2. Plaintiff Jeffrey M. Tilton (hereinafter "Tilton"), at all times material hereto, is an adult resident of the State of New York residing at 561 Church Avenue, Woodmere, New York 11598.

3. Plaintiff Lois Tilton, at all times material hereto, is an adult resident of the State of New York residing at 561 Church Avenue, Woodmere, New York 11598. At all times material hereto, Plaintiffs are husband and wife.

3. Defendant Vail Resorts, Inc. (hereinafter "Vail") is a corporation incorporated under the laws of the State of Delaware and may be served at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Defendant Vail is deemed as a Delaware citizen under 28 U.S.C. §1332(c).

1

## FACT

4. At all times material hereto, Defendant Vail owned, operated, and controlled a ski resort facility known as "Vail Resorts" located at Vail, Colorado.

5. At all times material hereto, Defendant Vail was in sole control of ski lifts located at the ski resort at Vail, Colorado.

6. At all times material hereto, Defendant Vail was responsible for the operation, management, care, and supervision of the said ski lifts, including the loading area for the ski lifts.

7. At all times material to this action, Defendant Vail is vicariously liable for the negligence of its partner, member, officer, director, agent, servant, or employee.

8. On or about January 24, 2006, Plaintiff Tilton was a business guest, patron, and business invitee of Defendant Vail.

9. On or about January 24, 2006, Plaintiff Tilton was skiing at the Vail Resorts.

10. On or about January 24, 2006, Plaintiff Tilton approached the ski lift chair. When he prepared himself to board the chair as it approached him, Plaintiff Tilton was knocked down by the chair and became caught between the bottom of the chair and the snow underneath the chair.

## COUNT I NEGLIGENCE

11. Plaintiffs incorporate herein by reference the averments of paragraphs 1 through 10 of the Complaint as if set forth fully and at length herein.

12. Defendant was negligent, through its officers, agents, servants and employees, in that Defendant:

    a. Failed to maintain the ski lifts loading area in good and usable condition when the defendant knew or should have known the cumulated snow in the area would create dangerous and hazardous condition;

    b. Failed to keep the ski lifts loading area safe for customers to use;

    c. Operated the ski lifts in a faulty, improper, unsafe, imprudent and dangerous manner; and

    d. Failed to maintain the ski lifts in a good and usable condition;

    e. Failed to exercise reasonable care in helping the plaintiff boarding the ski lifts;

    f. Failed to warn Plaintiffs and others lawfully using the ski lifts of the dangerous and hazardous condition;

    g. Failed to timely stop the ski lifts after the ski lifts chair knocked the plaintiff down;

    h. Installed and/or operated the ski lifts that were faulty designed;

    i. was further negligent in such other and further particulars as the evidence may show.

13. As a direct and proximate result of the aforementioned accident, Plaintiff Tilton suffered severe bodily injuries including injuries to his leg and ankle. Some or all of his injuries have continued since the accident and are permanent in nature.

14. As a consequence of his injuries, Plaintiff Tilton has incurred in the past and will continue in the future to incur medical and medication expenses for the treatment of his injuries.

15. As a further consequence of his injuries, Plaintiff Tilton has experienced in the past and will continue to experience in the future, considerable pain, suffering and discomfort, both mental and physical in nature.

16. As a further consequence of his injuries, Plaintiff Tilton has incurred loss of earnings and the injuries will continue to affect his earning capacity.

WHEREFORE Plaintiff demands judgment against the defendant, for his damages generally, including both physical and emotional pain and suffering past and future, loss of chance, loss of enjoyment of life past and future, loss of income, extensive medical bills past and future, pre-judgment and post-judgment interest, and courts costs.

## COUNT II LOSS OF CONSORTIUM

17. Plaintiffs incorporate herein by reference the averments of paragraphs 1 through 16 of the Complaint as if set forth fully and at length herein.

18. During all times relevant to this matter, plaintiffs were husband and wife. By reason of the injuries to her husband as hereinabove alleged, Plaintiff Lois Tilton has suffered the loss of his consortium, has been deprived of his normal fellowship, companionship, affection, love, and sexual relations, and has lost every other conjugal fellowship formerly enjoyed with him by and under the marriage relationship.

WHEREFORE, Plaintiff Lois Tilton demands judgment against defendant for her damages generally, including emotional pain and suffering past and future, loss of enjoyment of life past and future, pre-judgment interest, post-judgment interest and court costs.

By: /s/ Bruce L. Hudson
Bruce L. Hudson, Esq.
800 King Street, Suite 302
Wilmington, DE 19801
(302)656-9850
Attorney for Plaintiffs

Dated: November 16, 2007

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeffrey M. Tilton and Lois Tilton

### DEFENDANTS
Vail Resorts, Inc, a Delaware Corporation

(b) County of Residence of First Listed Plaintiff: Nassau County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle County, DE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bruce L. Hudson, 800 N. King Street, Suite 302
Wilmington DE 19801 (302) 656-9850

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Personal Injury -- Negligence & Loss of Consortium

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: November 16 2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **07-733-**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

_____    _____ 11/16/2007
(Date forms issued)                (Signature of Party or their Representative)

                                    Xiaojuan Huang   11/16/2007
                                    (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action